UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**FRANKLIN GRIMES,**
**For himself and on behalf of all**
**similarly situated individuals.**

       **Plaintiff,**

v.                                                **CIVIL ACTION No.: 3:08cv492**

**ADVANCED CALL CENTER TECHNOLOGIES, LLC.,**

       **Defendant.**

---

## AMENDED CLASS COMPLAINT

---

COMES NOW, the Plaintiff, Franklin Grimes (hereinafter "Grimes"), on behalf of himself and all similarly situated individuals and alleges the following claims:

### INTRODUCTION

1.    This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Grimes. The Plaintiff applied for a job at Advanced Call Center Technologies, LLC (hereinafter "ACT") and ACT used a consumer report containing inaccurate information that it obtained from third party Securint to decline to hire Grimes. In doing so, ACT failed to comply with the procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION/VENUE

2.    The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant

regularly does business throughout the southeast, including Georgia, Tennessee, North Carolina, Virginia and in this district and division, upon information and belief.

## PARTIES

4. Grimes is a citizen of Tennessee and a "consumer" as protected and governed by the FCRA.

5. ACT is a Georgia corporation headquartered in Pennsylvania. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

## FACTS

6. At all times relevant hereto Securint was a "consumer reporting agency" as governed by the FCRA. During the relevant time Securint was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Grimes applied for a job with ACT in July 2006.

8. As part of the application process, Grimes may have authorized a criminal background check.

9. Grimes began work with ACT in August 2006.

10. After Grimes worked at ACT a week, an ACT representative approached him and removed him from the facility in front of dozens of co-employees.

11. ACT's representative said that ACT had earlier decided not to retain Grimes because his criminal background check stated that he had been convicted of a felony.

12. ACT obtained that erroneous criminal background check from Securint.

13. After ACT discharged Grimes, he attempted to demonstrate to Securint and ACT

that he was not a felon to no avail.

14.  ACT told Grimes that he could have a day or two to dispute his record, but essentially it gave him no time because it refused to provide him with a copy of his background check in order to do so.

15.  Grimes remained unemployed for an extended period of time after his discharge by ACT based on the incorrect background check.

16.  Grimes would not have been discharged but for the felony conviction, which was not his felony conviction at all.

17.  Defendant failed to provide a copy of the criminal background report a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken.

18.  Defendant fired Grimes without providing him with any advance notice that it was going to take that adverse action, without providing him with a copy of the criminal background report, and without providing him with a written summary of his rights under the FCRA.

19.   Defendant failed to provide the oral, written or electronic notices required by FCRA, 15 U.S.C. §1681m.

20.  Upon information and belief, it is Defendant's standard hiring practice to rely on criminal background checks, and when the results are unsatisfactory, to fire or refuse to hire people on the spot without giving them any advance notice of the adverse action, without first providing them with a copy of their criminal background report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.

21.     As a result of these FCRA violations, the Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

22.     Plaintiff and FCRA Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining its future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

23.     **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of ACT residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by ACT to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. §1681p, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. §§1681b and m.

24.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

25.     **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class.

These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether Defendant provides a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee (§ 1681b) based on the results thereof;

    b.    Whether Defendant provides a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b);

    c.    Whether Defendant knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

    d.    Whether Defendant's conduct constituted violations of FCRA, 15 U.S.C. § 1681b.

26.    **Typicality. FED. R. CIV. P. 23(a)(3))**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages, so the focus of the jury will be on the Defendant's conduct, not Plaintiff's individual or actual damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

27.    **Adequacy.** Grimes is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Grimes and his Counsel will fairly and adequately protect the interests of members of the Class.

28.    **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to

other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by ACT's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by ACT's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

29. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

### COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

30. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31. ACT willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Grimes and all others similarly situated before taking an adverse action that was based in whole or in part on that report.

32. Plaintiff seek statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

33. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

34. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

35. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. ACT willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Grimes and all others similarly situated the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

37. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

38. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

39. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF THE FCRA § 1681m

40. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

41. ACT willfully violated the FCRA, 15 U.S.C. §1681m because it failed to provide Grimes and all other similarly situated with oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

42. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

43. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

44. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT FOUR: VIOLATION OF THE FCRA § 1681m

45. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

46. ACT willfully violated the FCRA, 15 U.S.C. §1681m because it failed to provide Grimes and all other similarly situated with oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report.

47. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48.     Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

49.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks appropriate remedy, if any, under 15 U.S.C. §1681o.

50.     If and when appropriate, Grimes seeks issue certification as to whether ACT's violations of the FCRA, 15 U.S.C. §1681b and §1681m, were negligent.

51.     Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**FRANKLIN GRIMES**,

**For himself and on behalf of all similarly situated individuals.**

Date: November 13, 2008         By:      /s/ Christopher Colt North
                                         Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiffs
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com