IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Franklin Grimes<br>    *For himself and on behalf of all*<br>    *similarly situated individuals*,<br><br>                           Plaintiff,<br><br>v.<br><br>Advanced Call Center Technology, LLC,<br><br>                           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:08-cv-492 (HEH)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ADVANCED
CALL CENTER TECHNOLOGIES, LLC'S MOTION TO DISMISS**

Defendant, Advanced Call Center Technology, LLC ("ACT"), by counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss Counts Three and Four of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Plaintiff Franklin Grimes ("Plaintiff") has failed to state a claim upon which relief can be granted because there is no private right of action under 15 U.S.C. § 1681m, the statutory provision upon which Plaintiff bases Counts Three and Four.

**INTRODUCTION**

Plaintiff has filed suit against ACT alleging violations of two sections of the Fair Credit Reporting Act ("FCRA") in connection with his brief employment at ACT. Specifically, in Counts One and Two of his Amended Complaint, Plaintiff alleges that ACT failed to meet the requirements of 15 U.S.C. § 1681b when it terminated him and, in so doing, failed to provide him with a copy of his criminal background check and a summary of his rights under the FCRA. Similarly, in Counts Three and Four, Plaintiff alleges that when ACT terminated him, it was required to make certain disclosures to Plaintiff under 15 U.S.C. § 1681m and it failed to do so.

1

As set forth below, ACT respectfully requests that this Court dismiss Plaintiff's Counts Three and Four in their entirety because the plain language of the FCRA makes clear that no private right of action exists under 15 U.S.C. § 1681m.

## ARGUMENT

### Plaintiff's Claims Under 15 U.S.C. § 1681m Must Be Dismissed Because There Exists No Private Right Of Action Under That Section.

Plaintiff's § 1681m claims rely on the private right of action provisions contained in 15 U.S.C. §§ 1681n and 1681o.  Am. Compl. ¶¶ 42-44, 47-49.  Section 1681m(h)(8)(A) -- entitled "No civil actions" -- makes clear, however, that "[s]ections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section."  Section 1681m(h)(8)(B) continues: "This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section."

While some hopeful plaintiffs have argued that the private right of action prohibition of 15 U.S.C. § 1681m(h)(8) only applies to subsection (h), their argument ignores the unambiguous language of § 1681m(h)(8), which makes clear that its applicability is to the entire "section" (i.e., § 1681m), not just to a subsection (i.e., § 1681m(h)).

If the statute were not clear enough, the courts have crystallized this point.  For instance, in Perry v. First Nat'l Bank, the Seventh Circuit wrote, "we find that the phrase 'this section' unambiguously refers to section 1681m as a whole."  459 F.3d 816, 820 (7th Cir. 2006) (emphasis added).  Indeed, as that court pointed out, "every district court considering this issue -- save one -- has found that 15 U.S.C. § 1681m(h)(8) bars private enforcement of § 1681m in its entirety."  Id. at 822 (emphasis added) (listing 15 cases from the Northern and Southern Districts of Indiana, the Northern Districts of Illinois and California, and the Southern District of Texas); see also Meyers v. Freedom Credit Union, No. Civ. A. 05-3526, 2007 WL 2753172, *5 (E.D. Pa.

Sept. 21, 2007) (holding that the natural reading of the text of paragraph (h)(8) shows that it applies to all of § 1681m, and noting that "almost all of the courts that have examined this aspect of the 2003 amendments of FCRA have come to similar conclusions"); <u>Soroka v. JP Morgan Chase & Co.</u>, 500 F. Supp. 2d 217, 223 (S.D.N.Y. 2007) ("The unambiguous plain language of the FCRA makes it clear that Congress intended for this section to be enforced only by Federal administrative agencies.").

    The one case mentioned by the Seventh Circuit above that has concluded that a private right of action exists under 15 U.S.C. § 1681m is the <u>Barnette v. Brook Road, Inc.</u> opinion by Magistrate Judge Lauck in this district.  429 F. Supp. 2d 741 (E.D. Va. 2006).  There, Magistrate Judge Lauck determined that all of the references to "this section" in § 1681m(h)(8) were the result of scriveners' errors, and essentially rewrote paragraph (8)'s subparagraphs such that they applied only to subsection (h).  <u>Barnette</u>, 429 F. Supp. 2d at 749.  With all due respect to Magistrate Judge Lauck, such legislative rewriting was inappropriate for three reasons: (1) because the language of § 1681m(h)(8) is unambiguous and, thus, there is no grounds for considering legislative history;[1] (2) because even if one were to consider the legislative history of § 1681m(h)(8), there is insufficient evidence to overcome the natural reading of the text;[2] and (3)

---

[1] <u>Perry</u>, 459 F.3d at 823 ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m.  Because our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent, we will not consider Perry's arguments regarding the legislative history of [the 2003 amendments to the FCRA].") (citations and quotations omitted).

[2] <u>Perry</u>, 459 F.3d at 823 ("We note, however, that the legislative history of [the 2003 amendments to the FCRA] is silent on the question of whether Congress intended to preclude private rights of action to enforce the entirety of § 1681m."); <u>Meyers</u>, 2007 WL 2753172 at *5 ("Given the primacy of text and structure in statutory interpretation, [Plaintiff's] theory about its drafting history is not supported by enough evidence to overcome the most natural reading of the text.") (citing <u>Lamie v. United States Tr.</u>, 540 U.S. 526, 534 (relying on statutory text because, though it was "awkward, and even ungrammatical," its meaning was plain)).

because even if such evidence did exist, it is the duty of Congress, not the courts, to rewrite legislative drafting errors.[3]   Tellingly, Congress has not been inclined to "correct" the supposed errors in § 1681m(h)(8) since their original drafting over five years ago.

Barnette therefore clearly is an anomaly and, as shown above, it represents an overwhelmingly overmatched minority opinion.  Accordingly, this Court should adopt the analyses applied in the vast majority of cases and dismiss Plaintiff's Counts Three and Four.

## CONCLUSION

For the reasons set forth herein, ACT respectfully requests that this Court dismiss Plaintiff's Counts Three and Four.

Dated: January 23, 2009

Respectfully submitted,

ADVANCED CALL CENTER TECHNOLOGIES, LLC

By: /s/_____

Seth A. Schaeffer (VA Bar No. 74509)
Bryan A. Fratkin (VA Bar No. 38933)
Attorney for Defendant
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-1000
Fax: (804) 775-1061
sschaeffer@mcguirewoods.com
bfratkin@mcguirewoods.com

---

[3] Lamie, 540 U.S. at 542 ("It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think ... is the preferred result.") (citation omitted).

**Certificate of Service**

I certify that on January 23, 2009, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

        Christopher Colt North
        The Consumer & Employee Rights Law Firm, P.C.
        751-A Thimble Shoals Boulevard
        Newport News, Virginia 23606
        Phone: (757) 873-1010
        Fax: (757) 873-8375
        Email: cnorthlaw@aol.com

        *Counsel for Plaintiff*

By: /s/_____
        Seth A. Schaeffer (VA Bar No. 74509)
        Bryan A. Fratkin (VA Bar No. 38933)
        Attorney for Defendant
        McGuireWoods LLP
        One James Center
        901 East Cary Street
        Richmond, Virginia 23219
        Phone: (804) 775-1000
        Fax: (804) 775-1061
        sschaeffer@mcguirewoods.com
        bfratkin@mcguirewoods.com