**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| Franklin Grimes | ) | |
| *For himself and on behalf of all* | ) | |
| *similarly situated individuals*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-492 (HEH) |
| | ) | |
| Advanced Call Center Technology, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ADVANCED CALL CENTER TECHNOLOGIES, LLC'S
ANSWER TO PLAINTIFF'S AMENDED CLASS COMPLAINT**

Defendant, Advanced Call Center Technologies, LLC ("ACT"), by counsel, and without waiving the arguments made in its contemporaneously filed Motion to Dismiss Counts Three and Four, states as follows for its Answer and Defenses to Plaintiff's Amended Complaint. All allegations not specifically admitted are denied.

**INTRODUCTION**

1.      ACT admits the allegation in Paragraph 1 that Plaintiff's action is brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. In response to the second sentence of Paragraph 1, ACT states that the FCRA speaks for itself. ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 1 and, therefore, they are deemed denied. ACT denies the allegation in the fourth sentence of Paragraph 1.

**JURISDICTION/VENUE**

2.      ACT denies the allegations in Paragraph 2.

3.      ACT denies the allegations in Paragraph 3.

**PARTIES**

4.      ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, they are deemed denied.

5.      ACT admits the allegation in Paragraph 5 that it is headquartered in Pennsylvania and denies the remainder of Paragraph 5.

**FACTS**

6.      ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, they are deemed denied.

7.      ACT denies the allegations in Paragraph 7.

8.      ACT admits the allegation in Paragraph 8 that Plaintiff did authorize a criminal background check in connection with his application for a job with ACT.

9.      ACT admits the allegation in Paragraph 9 that Plaintiff began work with ACT in August 2006.

10.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, they are deemed denied.

11.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, they are deemed denied.

12.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, they are deemed denied.

13.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, they are deemed denied.

14.     ACT is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 14 and, therefore, they are deemed denied.

15.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, they are deemed denied.

16.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, they are deemed denied.

17.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, they are deemed denied.

18.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, they are deemed denied.

19.     ACT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, they are deemed denied.

20.     ACT denies the allegations in Paragraph 20.

21.     ACT denies the allegations in Paragraph 21.

22.     ACT denies the allegations in Paragraph 22.

## CLASS ACTION ALLEGATIONS

23.     ACT admits the allegation in Paragraph 23 that Plaintiff has brought this action on his own behalf and that he is attempting to bring this action on behalf of others as well but ACT denies that a class action is appropriate.

24.     ACT denies the allegations in Paragraph 24.

25.     ACT denies the allegations in Paragraph 25.

26.     ACT denies the allegations in Paragraph 26.

27.     ACT denies the allegations in Paragraph 27.

28.     ACT denies the allegations in Paragraph 28.

29.     ACT denies the allegations in Paragraph 29.

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

30.     ACT restates each of its preceding responses to Plaintiff's allegations as if set forth in their entirety herein.

31.     ACT denies the allegations in Paragraph 31.

32.     ACT admits the allegation in Paragraph 32 that Plaintiff seeks statutory damages for himself and others but denies that it owes any such damages.

33.     ACT admits the allegation in Paragraph 33 that Plaintiff seeks punitive and equitable relief but denies that any such relief is appropriate.

34.     ACT denies the allegations in Paragraph 34.

## COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

35.     ACT restates each of its preceding responses to Plaintiff's allegations as if set forth in their entirety herein.

36.     ACT denies the allegations in Paragraph 36.

37.     ACT admits the allegation in Paragraph 37 that Plaintiff seeks statutory damages for himself and others but denies that it owes any such damages.

38.     ACT admits the allegation in Paragraph 38 that Plaintiff seeks punitive and equitable relief but denies that any such relief is appropriate.

39.     ACT denies the allegations in Paragraph 39.

## COUNT THREE: VIOLATION OF THE FCRA § 1681m

40.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Three, ACT restates each of its preceding responses to Plaintiff's allegations as if set forth in their entirety herein.

41.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Three, ACT denies the allegations in Paragraph 41.

42.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Three, ACT admits the allegation in Paragraph 42 that Plaintiff seeks statutory damages for himself and others but denies that it owes any such damages.

43.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Three, ACT admits the allegation in Paragraph 43 that Plaintiff seeks punitive and equitable relief but denies that any such relief is appropriate.

44.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Three, ACT denies the allegations in Paragraph 44.

## COUNT FOUR: VIOLATION OF THE FCRA § 1681m

45.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Four, ACT restates each of its preceding responses to Plaintiff's allegations as if set forth in their entirety herein.

46.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Four, ACT denies the allegations in Paragraph 46.

47.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Four, ACT admits the allegation in Paragraph 47 that Plaintiff seeks statutory damages for himself and others but denies that it owes any such damages.

48.     Without waiving the arguments made in its contemporaneously filed Motion to Dismiss Count Four, ACT admits the allegation in Paragraph 48 that Plaintiff seeks punitive and equitable relief but denies that any such relief is appropriate.

49.     Without waiving the arguments made in its contemporaneously filed Motion to

Dismiss Count Four, ACT denies the allegations in Paragraph 49.

50.    To the extent that allegations are made in Paragraph 50, ACT denies those

allegations.

51.    To the extent that allegations are made in Paragraph 51, ACT denies those

allegations.

52.    To the extent that allegations are made in the WHEREFORE clause following

Paragraph 51, ACT denies those allegations and denies that Plaintiff or any others are entitled to

the prayed for relief.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses enumerated below, ACT reserves the right to

assert any additional defenses as may be warranted or as may be revealed by additional

information received in discovery.

53.    Plaintiff fails to state a claim upon which relief can be granted.

54.    To the extent Plaintiff claims relief on behalf of a class of persons for conduct that

occurred more than two years before the date that the Complaint was filed, such claims are

barred by the applicable statute of limitations.

55.    Plaintiff's claims are barred, in whole or in part, to the extent that the criminal

background check here was not a "consumer report" under applicable law.

56.    Plaintiff's claims are barred, in whole or in part, to the extent that the criminal

background check here was accurate.

57.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take

reasonable steps to avoid any alleged injuries and also has failed to mitigate any alleged

damages.

58.     Plaintiff has not sustained any damages compensable at law as a result of any alleged act or omission of ACT, which alleged acts or omissions are specifically denied, and any losses Plaintiff may have suffered are the result of his own conduct and/or independent intervening or superseding causes by third parties not within the control of ACT.

59.     Plaintiff's claims are barred, in whole or in part, based on Plaintiff's consent.

60.     Plaintiff's claims are barred, in whole or in part, because the FCRA does not provide for injunctive or equitable relief.

61.     ACT did not willfully, knowingly, or negligently commit any wrongful, illegal, or inappropriate acts.

62.     Any award of punitive damages would violate the U.S. Constitution and violate ACT's Due Process rights.

DATED: January 23, 2009                Respectfully submitted,

                                       ADVANCED CALL CENTER TECHNOLOGIES,
                                       LLC


                                       By: /s/_____

                                          Seth A. Schaeffer (VA Bar No. 74509)
                                          Bryan A. Fratkin (VA Bar No. 38933)
                                          Attorney for Defendant
                                          McGuireWoods LLP
                                          One James Center
                                          901 East Cary Street
                                          Richmond, Virginia 23219
                                          Phone: (804) 775-1000
                                          Fax: (804) 775-1061
                                          sschaeffer@mcguirewoods.com
                                          bfratkin@mcguirewoods.com

**<u>Certificate of Service</u>**

I certify that on January 23, 2009, I will electronically file the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing (NEF) to the

following:

> Christopher Colt North
> The Consumer & Employee Rights Law Firm, P.C.
> 751-A Thimble Shoals Boulevard
> Newport News, Virginia 23606
> Phone: (757) 873-1010
> Fax: (757) 873-8375
> Email: cnorthlaw@aol.com
>
> *Counsel for Plaintiff*

By: /s/_____

> Seth A. Schaeffer (VA Bar No. 74509)
> Bryan A. Fratkin (VA Bar No. 38933)
> Attorney for Defendant
> McGuireWoods LLP
> One James Center
> 901 East Cary Street
> Richmond, Virginia 23219
> Phone: (804) 775-1000
> Fax: (804) 775-1061
> sschaeffer@mcguirewoods.com
> bfratkin@mcguirewoods.com